UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

CHRISTINA YOUNG and LINDSAY GUARINO, :
                      Plaintiffs,             :
                                               :
               v.                  :    No.   5:22-cv-1267
                                               :
STATE FARM AUTOMOBILE INSURANCE   :
COMPANY,                                             :
                      Defendant.             :
_____

**O P I N I O N**
Defendant's Partial Motion to Dismiss, ECF No. 4 – Granted

**Joseph F. Leeson, Jr.**                                                              **July 13, 2022**
**United States District Judge**

**I.**       **INTRODUCTION**

      This case involves an automobile accident that occurred on I-78 in Warren Township, New Jersey. Plaintiffs Christina Young and her daughter, Lindsay Guarino, were injured in the accident, and Young's mother, Dorothy Marks,[1] died as a result of the crash. Plaintiffs had an automobile insurance policy with Defendant State Farm and filed suit alleging that State Farm breached its insurance contract with Plaintiffs and engaged in bad faith by not making a decision on their claim in a timely manner. State Farm has filed a Motion to Dismiss the bad faith claim. For the following reasons, State Farm's motion is granted.

**II.**      **BACKGROUND**

      The factual allegations are as follows:

      On July 9, 2019, Christina Young was driving on I-78, and Lindsay Guarino and Dorothy Marks were passengers in the car. *See* Pl.'s Compl. ¶ 6, ECF No. 1. While traveling, Young's vehicle was stopped in construction traffic and struck from behind by a passenger bus. *Id.* ¶ 7.

---

[1]    Marks is not a party to this case.

Both Young and Guarino suffered injuries as a result of the crash and Marks was killed. *Id.* ¶ 8. Young and Guarino had an automobile insurance policy with State Farm. *Id.* ¶ 20.

On August 7, 2019, Plaintiffs notified State Farm that they would be filing underinsured motorist ("UIM") claims as they believed the driver of the passenger bus lacked sufficient insurance to pay for the injuries suffered by Young, Guarino, and Marks. *Id.* ¶ 9. On August 21, 2019, State Farm acknowledged receipt and indicated that they would start evaluating the UIM claims. *Id.* ¶ 10. In the meantime, Plaintiffs attempted to collect from the third-party insurance carrier. *Id.* ¶ 11. On September 17, 2019, counsel for Plaintiffs provided State Farm with permission to review medical records to aid in evaluation of the UIM claims. *Id.* ¶ 12.

Subsequently, on September 14, 2021, Plaintiffs' counsel provided State Farm with an update on the progress of the third-party claims, and on September 22, 2021, State Farm requested copies of the settlement demands that were sent to the third-party carrier. *Id.* ¶¶ 7-8. Plaintiff provided the requested copies to State Farm the next day. *Id.* On November 11, 2021, Plaintiffs' counsel notified State Farm that they had reached a settlement with the third-party insurance carrier, and on December 1, 2021, State Farm provided its consent and waiver to the third-party settlement. Pl.'s Compl. ¶¶ 18-19. Plaintiffs believed that they had not been fully compensated for their injuries and made a demand for UIM coverage from State Farm in the amount of $400,000 for each person in the vehicle. *Id.* ¶ 22.

On December 7, 2021, State Farm paid out $400,000 in UIM benefits to settle the claim involving the death of Marks. *Id.* ¶ 23. Following this, on February 10, 2022, State Farm took statements from Young and Guarino as part of its UIM claim evaluation process. *Id.* ¶ 24. As of April 1, 2022, State Farm had not yet reached a decision on whether to pay out UIM coverage for Young and Guarino, and Plaintiffs filed suit with this Court. *Id.* ¶ 25. In their Complaint,

Plaintiffs allege: (1) State Farm breached its insurance contract with Plaintiffs by failing to pay Plaintiffs UIM coverage; and (2) State Farm has engaged in bad faith actionable under 42 Pa. Cons. Stat. § 8371 by failing to pay the UIM benefits to Plaintiffs in a timely manner. *See generally* Pl.'s Compl. On May 31, 2022, State Farm moved to dismiss the bad faith claim. *See generally* Def.'s Mot. Dismiss. On June 13, 2022, Plaintiffs filed a Response in Opposition to State Farm's Motion to Dismiss. *See generally* Pl.'s Resp. in Opp'n, ECF No. 5.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *See Mayer v. Belichick*,

605 F.3d 223, 230 (3d Cir. 2010). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

      **B.**      **Bad Faith, 42 Pa. Cons. Stat. § 8371 – Review of Applicable Law**

Pennsylvania law provides that in an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three percent; (2) award punitive damages against the insurer; and (3) assess costs and attorney fees against the insurer. *See* 42 Pa. Cons. Stat. § 8371 (1990). "Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). Accordingly, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)). Bad faith on part of an insurer is "any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.'"[2] *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 498 (3d Cir. 2015) (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

To state a claim for bad faith under 42 Pa. Cons. Stat. § 8371, a plaintiff must allege: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or

---

[2] The Third Circuit elaborated that "[a]lthough the insurer's conduct need not be fraudulent, 'mere negligence or bad judgment is not bad faith.'" *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)).

recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997) (citing *Terletsky v. Prudential Property & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994), *appeal denied*, 659 A.2d 560 (Pa. 1995)). To satisfy element one of the *Terletsky* test, a plaintiff must allege the defendant "did not have a reasonable basis for denying benefits." *Wolfe*, 790 F.3d at 498. "Pennsylvania courts recognize that bad faith may extend to an insurer's lack of good faith investigation or failure to communicate with the claimant." *White v. Travelers Ins. Co.*, No. 20-CV-2928, 2020 WL 7181217, at *4 (E.D. Pa. Dec. 7, 2020) (citing *Grossi v. Travelers Pers. Ins. Co.*, 79 A.3d 1141, 1149 (Pa. Super. Ct. 2013)) "A reasonable basis is all that is required to defeat a claim of bad faith." *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 523 (quoting *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004)).

Element two of the *Terletsky* test requires the plaintiff to show that the "insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Wolfe*, 790 F.3d at 498 (quoting *Terletsky*, 649 A.2d at 688). "If pleading bad faith delay, the mere existence of the delay itself is insufficient." *Id.* (citing *Shaffer v. State Farm Mut. Auto. Ins. Co.*, No. 1:13-CV-01837, 2014 WL 5325340, at *7 (M.D. Pa. Oct. 20, 2014)); *see also Wiener v. Banner Life Ins. Co.*, No. 02-CV-1351, 2003 U.S. Dist. LEXIS 4957, at *23 (E.D. Pa. Feb. 28, 2003) (noting "accident claims investigations can take months even without aggravating factors").

"In bad faith cases premised on an insurer's delay and failure to communicate, courts have generally only inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months." *White*, 2020 WL 7181217, at *5. *See, e.g., Grossi*, 79 A.3d at 1152 (finding a one-year delay was "not *per se* bad faith . . ."); *Solano-Sanchez v. State Farm Mut. Auto Ins. Co.*, No. 5:19-CV-04016, 2020 WL 405606, at *5 (E.D. Pa. Jan. 24, 2020)

(asserting a two-year delay is sufficient to plead bad faith under § 8371); *Bernstein v. Geico Cas. Co.*, No. 19-CV-1899, 2020 WL 1308226, at *4 (E.D. Pa. Mar. 19, 2020) (citing *Williams v. Hartford Cas. Ins. Co.*, 83 F. Supp. 2d 567, 572 (E.D. Pa. 2000)) (finding no bad faith when an insurer delayed its investigation of insured's claim for fifteen months).

IV. **ANALYSIS**

Following review of the briefing and Complaint, State Farm's motion to dismiss Plaintiffs' bad faith claim is granted. Plaintiffs have failed to establish either element of the *Terletsky* test, and accordingly, they have failed to state a claim actionable under 42 Pa. Cons. Stat. § 8371. Thus, Plaintiffs' bad faith claim is dismissed without prejudice.

A. **Plaintiffs failed to establish that State Farm lacked a reasonable basis for denying benefits.**

Beginning with the first element of the *Terletsky* test, Plaintiffs have not established that State Farm lacked a reasonable basis for denying benefits. As an initial matter, State Farm has not denied UIM benefits to Plaintiffs. Rather, State Farm has not yet completed its evaluation of the UIM claims. Thus, to establish that State Farm acted in bad faith, Plaintiffs must demonstrate that State Farm failed to conduct a good faith investigation or failed to communicate with Plaintiffs.

In their Complaint, Plaintiffs omit critical details regarding the timeline of State Farm's UIM claim evaluation process. As later noted in State Farm's Motion to Dismiss and confirmed in Plaintiffs' Response, on November 13, 2019, State Farm notified Plaintiffs' counsel that it would like to close Plaintiffs' UIM claims for the time being and reopen them upon receipt of Plaintiffs' request for consent to settle the third-party claims, verification of the third-party limits, and offers tendered. *See* Def.'s Mot. to Dismiss ¶ 4, ECF. No. 4; Pl.'s Resp. in Opp'n 4-5, ECF No. 5. On November 15, 2019, Plaintiffs' counsel acknowledged receipt of State Farm's

request and explained that he had no objection to holding the UIM claims in abeyance until the third-party claims were resolved. Def.'s Mot. to Dismiss. ¶ 5. On December 23, 2019, State Farm confirmed that the UIM claims would be placed into an inactive status and automatically reopened upon receipt of Plaintiffs' request for consent to settle and waiver of subrogation. *Id.* ¶ 6.

Given this, Plaintiffs' allegations that State Farm has taken over two years to evaluate the UIM claims appear disingenuous. Rather, both parties agreed that the UIM claims would be held in abeyance until the third-party claims were settled. Once State Farm was notified that the third-party claims had been settled on December 1, 2021, State Farm took additional statements from Plaintiffs on February 10, 2022, as a part of its UIM claim evaluation process. Thus, the relevant period of alleged "delay" to be considered is closer to a few months. Accordingly, because the parties maintained ongoing communication and mutually agreed to pause the investigation during pendency of the third-party claims, Plaintiffs fail to establish element one of the *Terletsky* test.

**B.     Plaintiffs failed to establish that State Farm knew or recklessly disregarded a lack of reasonable basis in denying the claim.**

Moving to the second element of the *Terletsky* test, Plaintiffs have not established that State Farm knew or recklessly disregarded its lack of reasonable basis in denying the UIM claims. In cases premised on insurer delay and failure to communicate, courts have generally only inferred plausible knowledge or reckless disregard where the time periods of delay were much longer than six months. For example, in *Grossi v. Travelers Pers. Ins. Co.*, the Pennsylvania Superior Court held that a one-year delay was not *per se* bad faith. *Grossi*, 79 A.3d at 1152. Similarly, in *Williams v. Hartford Cas. Ins. Co.*, the court explained that a delay of

fifteen months to resolve a claim does not provide clear and convincing evidence to conclude that the insurer acted in bad faith. *Williams*, 83 F. Supp. 2d at 572.

Here, based on the timeline set forth in State Farm's Motion to Dismiss and confirmed in Plaintiffs' Response, less than two months had passed between Plaintiffs providing additional statements to State Farm on February 10, 2022, and when Plaintiffs filed suit on April 1, 2022. In addition to there being no sizable delay, State Farm maintained communication with Plaintiffs throughout the entire evaluation process. Considering these alleged facts, the Complaint does not establish that it was unreasonable for State Farm to conduct its claim evaluation process in this manner. Thus, this Court dismisses the bad faith claim against State Farm without prejudice.

## V.   CONCLUSION

State Farm's Motion to Dismiss is granted. Plaintiffs have failed to provide sufficient factual allegations to demonstrate State Farm's bad faith. Despite Plaintiffs' allegations that State Farm has taken over two years to evaluate the UIM claims, the briefing shows that the parties agreed to place the claims in abeyance and reopen them after the third-party claims were settled. Once the third-party claims were settled, State Farm took timely action to evaluate the UIM claims and maintained communication with Plaintiffs throughout the process. For these reasons, State Farm's Motion to Dismiss is granted, and Plaintiffs' bad faith claim is dismissed without prejudice.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge